**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4424

JAMES EDWARD SPENCER, JR., a/k/a
Brother Spencer,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-91-58)

Submitted: April 15, 1997

Decided: April 29, 1997

Before MURNAGHAN, WILKINS, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Edward Spencer, Jr., appeals from the district court's order sentencing him to twenty-four months imprisonment upon revocation of his supervised release. He claims that the district court's order violates the interest of Congress and the Double Jeopardy Clause of the United States Constitution. We affirm.

Spencer pled guilty in April 1991 to conspiracy to distribute cocaine base and was sentenced to fifty-seven months imprisonment, followed by five years of supervised release, which was subsequently reduced to three years. Spencer's modified term of supervised release began on May 19, 1995. On January 31, 1996, a jury convicted Spencer of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (1994), and possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1994). For this conviction Spencer received a sentence of 120 months imprisonment and eight years of supervised release. Based upon his conviction, the Government filed a petition to revoke Spencer's supervised release.*

The district court imposed a consecutive twenty-four-month term of imprisonment for Spencer's violation of his supervised release. Spencer appeals, claiming that Congress did not intend for district courts to impose separate punishments for a supervised release violation and for the conviction which formed the basis of the violation. He also maintains that he was subjected to double jeopardy because the same offense for which he was convicted was the offense forming the basis for revocation of his supervised release.

_____

*Two of the conditions of Spencer's supervised release were that he not commit any crime (federal, state, or local) and that he not illegally use or possess a controlled substance.

2

This court recently addressed an identical situation in United States v. Woodrup, 86 F.3d 359 (4th Cir.), cert. denied, 117 S. Ct. 332 (1996). Because the punishment imposed upon revocation of supervised release is considered punishment for the original offense, "the Double Jeopardy Clause does not prohibit the government from criminally prosecuting and punishing an offense which has formed the basis for revocation of a term of supervised release." Id. at 363; accord United States v. Soto-Olivas, 44 F.3d 788, 792 (9th Cir.), cert. denied, 115 S. Ct. 2289 (1995).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3